IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


CHARLES HILL                                                          PLAINTIFFS

      v.                           Civil No. 6:14-cv-06096

LT. PERKINS; SGT. WILLIAMS;
CPL. SADDLEWHITE; and
MELVIN BRADFORD                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Hill filed this case *pro se* pursuant to 42 U.S.C. § 1983 on August 28, 2014 in the Eastern District of Arkansas.  ECF No. 1.  The Eastern District of Arkansas properly transferred it to this Court on August 29, 2014.  ECF No. 4.  Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this matter.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

## I.      BACKGROUND

At the time Plaintiff filed his Complaint, August 28, 2014, he was incarcerated in the Arkansas Department of Corrections Omega Center in Malvern, Arkansas.  On November 5, 2014, the Court determined Plaintiff was no longer incarcerated and changed his address of record to the home address Plaintiff provided the detention center when he was booked.  ECF No. 7.  On November 13, 2014, the Court received the file marked copy of the Change of Address Order sent to Plaintiff at his home address, returned as undeliverable mail.

1

On December 8, 2014, I entered an Order directing Plaintiff to file an amended complaint because Plaintiff's original Complaint purported to be on behalf of both Plaintiff and another prisoner, Willie Mason.  I directed Plaintiff to file an Amended Complaint by December 29, 2014. ECF No. 9.  This December 8, 2014 Order was sent to Plaintiff's address of record at his home address.  On December 15, 2014, the Court received the December 8, 2014 Order returned as undeliverable mail.

Plaintiff has not communicated with the Court since the case was transferred to this Court on August 29, 2014.  Further, Plaintiff did not file any documents in the Eastern District of Arkansas prior to the transfer other than his initial filing of the Complaint and Motion for Leave to Proceed *in forma pauperis*.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)

2

(the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.  DISCUSSION

Plaintiff failed to comply with the Court's December 8, 2014 Order directing he file an amended complaint by December 29, 2014.  Further, Plaintiff failed to keep the Court informed of his current address.  Additionally, Plaintiff has not communicated with the Court since originally filing his Complaint in August 2014.

While the Plaintiff has failed to respond to a Court Order and failed to keep the Court apprised of his current mailing address, the record here does not indicate a clear record of delay or contumacious conduct by the Plaintiff.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

3

## IV.    CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and the Clerk of the Court be **DIRECTED** to terminate all pending motions in this matter..

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 15th day of January 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE